# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 224

Rodney E. Pagel and Scott A. Hager,          Plaintiffs and Appellees

     v.

Jeffrey S. Weikum,                Defendant and Appellant

### No. 20230156

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gary H. Lee, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Rodney E. Pagel (argued) and Scott A. Hager (appeared), Bismarck, N.D., plaintiffs and appellees.

Mark R. Hanson (argued) and Nicholas Mino (on brief), Fargo, N.D., for defendant and appellant.

**Pagel v. Weikum**
**No. 20230156**

**Tufte, Justice.**

[¶1]   Jeffrey S. Weikum appeals from a district court order and judgment denying his motion to compel arbitration and granting Rodney E. Pagel and Scott A. Hager's motion for summary judgment. Weikum argues the district court misinterpreted the scope of the arbitration clause in the agreement. We reverse the order and judgment, and remand for entry of an order compelling arbitration.

I

[¶2]   The parties agreed to dissolve their law firm, Pagel Weikum PLLP, and entered into a Release and Settlement Agreement ("Agreement"). The Agreement included a provision stating: "If there are any disputes regarding the terms of this Agreement, the Parties agree to submit those disputes to Judge Karen Klein (ret.) for a binding decision."

[¶3]   Pagel and Hager commenced an action in district court against Weikum for breach of contract and conversion. Weikum moved to dismiss the complaint and compel arbitration. Pagel and Hager opposed Weikum's motion to compel arbitration and moved for summary judgment on the issues of breach of contract and conversion. Oral argument was held jointly on both matters. The district court denied Weikum's motion to compel arbitration, finding this dispute was not subject to the arbitration clause. The court granted Pagel and Hager's motion for summary judgment. Weikum appeals.

II

[¶4]   Pagel and Hager argue Weikum did not properly move to compel arbitration.

[¶5]   The North Dakota Uniform Arbitration Act, N.D.C.C. ch. 32-29.3, provides: "If a proceeding involving a claim referable to arbitration under an alleged agreement to arbitrate is pending in court, a motion under this section

1

must be made in that court. Otherwise a motion under this section may be made in any court as provided in section 32-29.3-27." N.D.C.C. § 32-29.3-07(5).

[¶6] "An issue which is not properly raised in the pleadings but is tried by the express or implied consent of the parties will be treated in all respects as having been raised in the pleadings." *Mertz v. Mertz*, 2015 ND 13, ¶ 6, 858 N.W.2d 292 (citation omitted). "Under Rule 15(b), N.D.R.Civ.P., a pleading may be amended impliedly, by the introduction of evidence which varies the theory of the case and which is not objected to by the opposing party." *Id.* (citation omitted). "Whether the issue was tried by express or implied consent is a matter within the sound discretion of the trial court and will not be reversed on appeal unless an abuse of discretion is shown." *Id.* (cleaned up). "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or if it misinterprets or misapplies the law." *Moody v. Sundley*, 2015 ND 204, ¶ 26, 868 N.W.2d 491.

[¶7] Weikum filed a motion entitled "Motion to Dismiss" citing N.D.R.Civ.P. 12(b)(1) and (3), asserting "the issues in dispute are subject to parties' agreement for resolution by binding arbitration." Weikum also answered the complaint by asserting the issues are not properly before the court because of the arbitration clause, and requested an order "[t]hat the proper resolution mechanism for adjudicating disputes in this matter is binding arbitration as agreed upon in the [Agreement]." Pagel and Hager specifically recognized "Weikum seeks an order from this court dismissing [the] actions and thus requiring the parties to attend binding arbitration." Their response specifically addressed the district court's authority to "compel arbitration," citing relevant case law regarding arbitration. The parties addressed the issue of compelling arbitration at the hearing on the motions.

[¶8] The district court analyzed the motion and explained that rather than submitting a motion to dismiss, Weikum should have made a motion to compel arbitration under N.D.C.C. § 32-29.3-07. The court, viewing the motion to dismiss as a motion to compel arbitration under N.D.C.C. § 32-29.3-06(2), reviewed the Agreement to decide whether it contains an enforceable agreement to arbitrate and whether the controversy is subject to the

agreement to arbitrate. The court denied "[t]he motion to dismiss, or to compel arbitration."

[¶9] Both parties briefed this issue to the district court as a motion to compel arbitration, and the court analyzed and decided the issue under the correct law. Pagel and Hager did not object on these grounds below. The motion to compel arbitration was tried by consent by the parties and should be treated in all respects as if raised in the pleadings. The district court did not abuse its discretion by considering the motion to dismiss as a motion to compel arbitration. The motion to compel arbitration is properly before this Court.

III

[¶10] Weikum argues the district court erred by denying his motion to compel arbitration.

[¶11] "We apply a *de novo* standard of review to decisions denying or granting a motion to compel arbitration, unless the district court's decision is based on factual findings, in which case we apply the clearly erroneous standard to the factual findings." *Melendez v. Horning*, 2018 ND 70, ¶ 8, 908 N.W.2d 115. In this case, the district court's decision does not rest upon any factual findings; rather, it is based on the court's interpretation of the Agreement. *See, e.g., 26th St. Hosp., LLP v. Real Builders, Inc.*, 2016 ND 95, ¶ 11, 879 N.W.2d 437. "The interpretation of a written contract to determine its legal effect is a question of law, which is fully reviewable on appeal." *Id.*

[¶12] In considering arbitration claims, this Court has recognized four generally applicable principles:

> (1) arbitration is a contractual matter and parties cannot be compelled to arbitrate disputes that they have not agreed to submit to arbitration; (2) the question of whether the parties agreed to arbitrate is decided by a court unless the parties clearly and [unmistakably] require an arbitrator to decide arbitrability; (3) a court may not rule on the potential merits of claims that the parties have agreed to submit to arbitration; and (4) any doubts

3

about the applicability of an arbitration clause should be resolved in favor of a strong public policy for arbitration.

*Melendez*, 2018 ND 70, ¶ 8 (adopting the United States Supreme Court's arbitration principles cited in *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648-50 (1986)). "Arbitration clauses are construed under rules for interpreting contracts and in view of the strong federal and state policy favoring arbitration." *Melendez*, at ¶ 19.

[¶13] We have summarized the rules for construing contracts:

Contracts are construed to give effect to the mutual intention of the parties at the time of contracting. N.D.C.C. § 9-07-03. The parties' intention must be ascertained from the writing alone, if possible. N.D.C.C. § 9-07-04. A contract must be construed as a whole to give effect to each provision if reasonably practicable. N.D.C.C. § 9-07-06. Words in a contract are construed in their ordinary and popular sense, unless used by the parties in a technical sense or given a special meaning by the parties. N.D.C.C. § 9-07-09. If the parties' intention in a written contract can be ascertained from the writing alone, the interpretation of the contract is a question of law for the court to decide.

*Real Builders, Inc.*, 2016 ND 95, ¶ 11 (cleaned up).

[¶14] The Agreement states: "If there are any disputes regarding the terms of this Agreement, the Parties agree to submit those disputes to Judge Karen Klein (ret.) for a binding decision." The district court reviewed the arbitration clause in the Agreement, noting it was broad, but found it "applies only if there are disputes regarding the terms of the Agreement. If the terms of the Agreement are clear, are not in dispute, and the intention of the parties can be ascertained by the plain language of the agreement, there is no dispute to submit to arbitration." We disagree.

[¶15] In *Melendez*, 2018 ND 70, ¶ 17, we relied on a Delaware Supreme Court case, *Parfi Holding AB v. Mirror Image Internet, Inc.*, 817 A.2d 149, 155 (Del. 2002), describing its analysis for determining arbitrability:

First, the court must determine whether the arbitration clause is broad or narrow in scope. Second, the court must apply the relevant scope of the provision to the asserted legal claim to determine whether the claim falls within the scope of the contractual provisions that require arbitration. If the court is evaluating a narrow arbitration clause, it will ask if the cause of action pursued in court directly relates to a right in the contract. If the arbitration clause is broad in scope, the court will defer to arbitration on any issues that touch on contract rights or contract performance.

In construing arbitration clauses, courts have categorized arbitration clauses as either broad or narrow. *Schwarz v. Gierke*, 2010 ND 166, ¶ 17, 788 N.W.2d 302. "A broad arbitration provision covers all disputes arising out of a contract to arbitrate; a narrow provision limits arbitration to specific types of disputes." *Id.* (citation omitted).

[¶16] We agree with the district court that the language of this arbitration clause is broad. The provision, requiring "*any disputes* regarding the terms of this Agreement" to be submitted to arbitration, is broad. *See Melendez*, 2018 ND 70, ¶ 16 (construing "any controversy or dispute arises . . . concerning any provision of this Agreement or the rights and duties of any person or entity in relation thereto" as a broad arbitration clause, requiring arbitration for claims about conversion of funds and fraud); *Real Builders, Inc.*, 2016 ND 95, ¶ 22, (construing a provision stating "any claim or controversy arising out of or relating to this Agreement" as "broad" noting it "does not contain any specific exclusions"); *Schwarz*, 2010 ND 166, ¶¶ 17-29, (construing broad language of arbitration provision covering "[a]ny controversy arising out of or relating . . . to any . . . accounts or . . . transactions" to require arbitration of claims for alleged breach of duty). "[T]his Court resolves any doubts concerning the scope of arbitrable issues in favor of arbitration when there is a broad arbitration clause and no exclusion clause." *Schwarz*, at ¶ 11.

[¶17] Given that the arbitration clause is broad and not limited by any exceptions, we must "defer to arbitration on any issues that touch on contract rights or contract performance," *Melendez*, 2018 ND 70, ¶ 17 (citation omitted),

including the parties' rights and performance obligations under the Agreement relating to contingency fees and the *Decker* litigation. We therefore conclude the district court misinterpreted the Agreement by finding the claims were not arbitrable and by denying the motion to compel arbitration of those claims.

## IV

[¶18] We reverse the order and judgment, and remand for entry of an order compelling arbitration.

[¶19] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
William A. Neumann, S.J.

[¶20] The Honorable William A. Neumann, Surrogate Judge, sitting in place of Bahr, J., disqualified.